concurring in part and dissenting in part:
I agree with the majority’s determination that the speech at issue in this case fairly may be characterized as constituting speech on a matter of public concern. I therefore concur in the majority’s conclusion that the facts presented, viewed in the light most favorable to the plaintiff, sufficiently establish an underlying First Amendment claim. I believe, however, that we lack jurisdiction to review the remaining — and more fundamental — argument advanced by the defendants on the issue of qualified immunity. For this reason, I respectfully dissent from *1134 that portion of the majority’s decision discussing and concluding that the defendants are not entitled to qualified immunity with respect to Walker’s retaliation claim.
The Supreme Court most recently articulated the jurisdictional underpinnings of an interlocutory appeal based on qualified immunity in Johnson v. Jones, —— U.S.-, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) and Behrens v. Pelletier, — U.S.-, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). In Johnson, although the defendants appealed the denial of their summary judgment motion based on the assertion of a qualified immunity defense, the Supreme Court found that they had failed to raise the purely legal question of qualified immunity — that is, whether, viewing the facts in the light most favorable to the plaintiff, the law was clearly established that the defendants violated the plaintiff’s constitutional right. Rather, the Court found that the only issue on appeal was whether the record thus far supported the plaintiff’s claim that the defendants had engaged in the conduct of which the plaintiff accused them. The district court had found this factual issue to be in dispute. The Court concluded that, although this factual issue arose in the context of qualified immunity, it nonetheless was nothing more than a question of evidentiary sufficiency, “Le. which facts a party may, or may not, be able to prove at trial,” Johnson, — U.S. at-, 115 S.Ct. at 2156, and as such was not an appealable, final order. In reaching its decision, the Court noted that “ ‘a qualified immunity ruling ... is ... a legal issue that can be decided with reference only to undisputed facts and in isolation fcom the remaining issues of the case.’” Id. (quoting Mitchell v. Forsyth, 472 U.S. 511, 530 n. 10, 105 S.Ct. 2806, 2817 n. 10, 86 L.Ed.2d 411 (1985)) (omissions in original). The Supreme Court subsequently clarified Johnson in Behrens, 116 S.Ct. 834. Although Behrens concerned primarily the propriety of multiple interlocutory appeals on the issue of qualified immunity, the Court explained:
Johnson held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly “separable” from the plaintiff’s claim, and hence there is not a “final decision”____ Johnson reaffirmed that summary-judgment determinations are appealable when they resolve a dispute concerning an “abstract issue of law” relating to qualified immunity — typically, the issue whether the federal right allegedly infringed was “clearly established.”
Behrens, — U.S. at-, 116 S.Ct. at 842 (citations and brackets omitted). Bearing in mind the language of Johnson, our court has been careful to construe narrowly our jurisdiction over interlocutory appeals involving the qualified immunity question. See, e.g., Johnson v. Clifton, 74 F.3d 1087, 1091 (11th Cir.) (“[T]he factual issue ... can only be heard because it is a necessary part of the core qualified immunity analysis, the resolution of which constitutes a final, collateral order; when the core qualified immunity issue is not appealed, then the factual issue may not be either.”), cert. denied, — U.S. -, 117 S.Ct. 51, 136 L.Ed.2d 15 (1996); Ratliff v. DeKalb County, 62 F.3d 338, 341 (11th Cir.1995) (“[W]e decline to review the denial of summary judgment on [the] ground ... [that] the district court in considering defendant’s motions assumed erroneous facts or assumed facts which were unsupported by the evidence in the record.”).
The defendants submit that they demoted Walker for violating a state anti-nepotism policy; according to the defendants’ version of events, the fact that Walker also may have exercised his rights under the First Amendment (which they dispute) is irrelevant and coincidental. In my view, the defendants do not posit the question of whether, assuming that the defendants did fire Walker for engaging in protected activity, the defendants are entitled nonetheless to qualified immunity; rather, the defendants ask that we assume all facts as the defendants allege them to be and find, on that basis, that their conduct did not violate any clearly established law. I believe that we do have jurisdiction to determine whether the district *1135 court’s factual findings support the defendants’ factual contention that Walker violated a valid anti-nepotism policy in place at the time these events transpired.[1] Moreover, were we to find conclusive evidentiary support for the defendants’ version of the facts in this case, our circuit precedent suggests that we could exercise jurisdiction to resolve the question presented by the defendants regarding qualified immunity. This is not the circumstance presented here. The district court found a predicate fact to be in dispute — that is, the court found a question of fact to exist as to what specific state regulation governing VISTA employees was in place at the time Walker acted; we have not found that the district court erred with respect to this finding. I do not believe that the posture of this ease as it has been framed by the defendants permits us to “assume” either that Walker did, in fact, violate a state law or that the defendants demoted him solely for asserting his right to free speech. As a result, we cannot evaluate properly the extent to which the application of materially similar facts to the law might have clearly established that the defendants’ conduct violated (or did not violate) Walker’s constitutional rights.
The defendants offer no justification for violating Walker’s First Amendment right on the basis that Walker’s exercise of that right affected their ability to “promote the efficiency of the public services [the state] performs,” Bryson v. City of Waycross, 888 F.2d 1562, 1565 (11th Cir.1989), because they contend that they demoted him for an entirely different reason — i.e., the violation of a valid state anti-nepotism policy. Indeed, the defendants do not argue in this appeal that, viewing the facts in the light most favorable to the plaintiff, they nonetheless are entitled to qualified immunity. Rather, the defendants argue, in essence, that viewing the facts as the defendants allege them to be, they had another legitimate reason for demoting Walker, separate and apart from any First Amendment concerns. Because there is no conclusive support for the defendants’ version of the facts, the defendants’ challenge effectively requires that we decide a factual issue — whether there is conclusive foundation to confirm the defendants’ contention that Walker did violate state law — based neither on the record nor the drawing of reasonable inferences based on facts previously found. In my opinion, this type of purely factual decision-making is not the proper subject of an interlocutory appeal based on qualified immunity.[2]
This is not to say that we may never exercise jurisdiction whenever the underlying intent of a state actor is intertwined with the issue of qualified immunity; indeed, our circuit precedent holds otherwise. See, e.g., McMillian v. Johnson, 88 F.3d 1554 at 1566 (11th Cir.1996) (“[W]e have held that intent or motivation may not be ignored when intent or motivation is an essential element of the underlying constitutional tort---- When [defendants’] purpose to punish [the plaintiff] is considered, there is no question that their conduct violated clearly established law.”) The question of how to reconcile the subjective component of the intent determination often implicated in a discrimination action with the objective nature of qualified immunity was most recently addressed in Foy v. *1136 Holston, 94 F.3d 1528 (11th Cir.1996). Foy involved the state’s removal of two children from a religious community to foster care. The plaintiffs claimed the state’s conduct was motivated by religious discrimination; the state proffered evidence to show that the children were being mistreated. Acknowledging that the discriminatory-intent element “can cloud the question of whether the official acted lawfully or unlawfully in the circumstances,” id. at 1534, we held that the defendants nonetheless were entitled to qualified immunity:
One trigger to the doctrine’s application depends upon whether the record establishes that the defendant, in fact, did possess a substantial lawful motive for acting as he did act. At least when an adequate lawful motive is present, that a discriminatory motive might also exist does not sweep qualified immunity from the field even at the summary judgment stage____ Where the facts assumed for summary judgment purposes in a case involving qualified immunity show mixed motives (lawful and unlawful motivations) and preexisting law does not dictate that the merits of the case must be decided in plaintiffs favor, the defendant is entitled to immunity-
... [T]he record does show Defendants had, in fact, cause to understand that [a child] was possibly being mistreated. The record also shows Defendants were, in fact, aware of information that would warrant investigation of other children____
____Because, given the circumstances and the state of the law, a reasonable child custody worker could have considered Defendants’ conduct arguably proper even if Defendants were motivated in substantial part by unlawful motives, Defendants’ conduct was objectively reasonable for the purposes of qualified immunity.
Foy, 94 F.3d at 1534-35. In Foy, unlike this case, “the record, in fact, show[ed] substantial lawful intent, while not ruling out some unlawful intent, too.” Id. at 1535 n. 9. Moreover, even assuming that the defendants in Foy acted with some discriminatory animus, the law did not clearly establish that a reasonable social worker faced with evidence of child abuse should not act to remove a mistreated child from the abusive environment. These factors critically distinguish Foy from the instant action; here, the record does not show conclusively that the defendants possessed, at least in part, a lawful motive for their conduct.[3] Stated differently, *1137 because the record does not reveal definitively that Walker violated a valid state anti-nepotism policy at the time the relevant events occurred, it also does not explicitly show that the defendants could have demoted Walker, at least in part, for violating this policy. Indeed, because we cannot discern conclusively at this juncture whether the defendants had some lawful justification for their decision to demote Walker, we do not know whether there exists an application of materially similar facts to law that may or may not have placed the defendants on notice that their conduct violated a clearly established right; in other words, we cannot decide the core qualified immunity question. For this reason, I believe that it is inappropriate to reach the remaining issue raised in this appeal.

. It is worth noting that our circuit precedent is not entirely clear regarding the extent to which we may conduct independent factual review of disputed issues of fact in an interlocutory appeal based on qualified immunity. Compare Ratliff v. DeKalb County, 62 F.3d at 341 (“[W]e decline to review the denial of summary judgment on [the] ground ... [that] the district court in considering defendant’s motions assumed erroneous facts or assumed facts which were unsupported by the evidence in the record.”) with Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir.1996) ("In exercising our interlocutory review jurisdiction in qualified immunity cases, we are not required to make our own determination of the facts for summary judgment purposes; we have the discretion to accept the district court’s findings if they are adequate. But we are not required to accept them.”) (citations and quotation omitted).

. See also Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996) ("DQnsofar [as] a genuine issue of material fact exists for trial, namely whether Camell informed the officers that she had been raped, we conclude that we do not have jurisdiction [under Johnson v. Jones ] to address that issue. And the resolution of that disputed issue of fact impacts the question whether reasonable officials could have believed their conduct ... was lawful in light of the circumstances.”) (citation omitted).

. Again, I note that our precedent is ambiguous regarding the correct analytical framework in a qualified-immunity context when intent is an element of the cause of action. Compare McMillian, 88 F.3d 1554 (in which the court assumed, for purposes of qualified-immunity analysis, that the defendants possessed an intent to punish the plaintiff, regardless of possible evidence of a lawful motive on the part of the defendants), with Foy, 94 F.3d at 1534 — 35 (“[W]hen an adequate lawful motive is present, that a discriminatory motive might also exist does not sweep qualified immunity from the field____Unless it, as a legal matter, is plain under the specific facts and circumstances of the case that the defendants’ conduct — despite his having adequate lawful reasons to support the act — was the result of his unlawful motive, the defendant is entitled to immunity.”).
There are other contexts in which the role of evidence of subjective intent of a state actor complicates the qualified-immunity question. Some courts have found, for instance, that a finding of a genuine issue of fact with respect to a defendant's subjective intent necessarily precludes entitlement to qualified immunity when the claim advanced is deliberate indifference to medical needs under the Eighth Amendment. See, e.g., Weyant v. Okst, 101 F.3d 845, 858 (2nd Cir.1996) ("[Wjhether it was reasonable for the officers to believe their actions met the standard set by those principles depends on whether one believes their version of the facts. That version is sharply disputed, and the matter of the officers’ qualified immunity therefore cannot be resolved as a matter of law.”); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (stating that "[t]he doctors further argue that Jackson failed to show a genuine issue of material fact as to whether they were deliberately indifferent, in fact, to his medical needs. As to that question we lack jurisdiction____ It is a question reviewable after trial. We are instructed by the Supreme Court [in Johnson v. Jones ] that appellate jurisdiction is lacking____ Given the district court's determination that there is a triable issue as to deliberate indifference, the doctors were not entitled to summary judgment on the ground that they could reasonably believe their conduct did not violate clearly-established law.” cert. denied, -U.S.-, 117 S.Ct. 584, 136 L.Ed.2d 514 (1996) (citations omitted). The claim of deliberate indifference obviously is not at issue in this case. An examination of this claim does serve to highlight, however, the unsettled state of the law as it pertains to the court's basis for *1137 jurisdiction. — as well as its analytical approach— in qualified-immunity cases when subjective intent is raised as a disputed predicate question of ' fact.