120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Byron Joseph SWAN, Plaintiff-Appellant,
v.
James GOMEZ; B.J. Bunnell; R. Scaggs; R.W. Knowles, J.
Moor, M.D.; L. Murcavitch; R. Bird, Defendant-Appellees.
 No. 96-16002.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Byron Joseph Swan, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging violations of the Eighth and Fourteenth Amendments for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 When deciding whether a complaint fails to state a claim, the district court must consider whether "the plaintiff can prove [any] set of facts ... which would entitle [the plaintiff] to relief." Id. Moreover, the plaintiff's allegations must be "taken as true and construed in the light most favorable to the plaintiff." Id. Finally, "[u]nless it is absolutely clear that no amendment can cure the defect ..., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam).
 
 
 4
 Here, Swan was given two opportunities to amend his complaint. In its first order dismissing the complaint with leave to amend, the district court informed Swan that he had to allege facts demonstrating the personal participation of each of the defendants in the alleged constitutional violations. In its second order dismissing the complaint with leave to amend, the district court reiterated its instructions concerning personal participation and added an explanation of the principles concerning medical indifference claims under the Eighth Amendment.
 
 
 5
 With respect to his Eighth Amendment conditions-of-confinement claims and his Fourteenth Amendment due process and equal protection claims, Swan failed to allege facts establishing the personal participation of defendant Scaggs or Bird. Accordingly, the district court did not err in dismissing these claims for failure to state a claim. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 6
 With respect to his Eighth Amendment medical-indifference claim, Swan failed to allege facts demonstrating that Scaggs or Bird violated his constitutional rights. Here, Swan's allegations show that Scaggs instructed a prison guard to take Swan to the infirmary as soon as Scaggs learned that Swan was feeling suicidal and was not receiving the medications he had been taking prior to his incarceration. Although Swan alleged that Bird made insensitive comments concerning Swan's suicidal ideation, he did not allege that Bird attempted to deny, delay, or interfere with his medical treatment. Accordingly, the district court did not err by dismissing Swan's Eighth Amendment medical indifference claims for failure to state a claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (stating that denial of, delay of, or interference with medical treatment can constitute an Eighth Amendment violation), cert. denied, 117 S.Ct. 584 (1996); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) ("verbal harassment generally does not violate the Eighth Amendment").
 
 
 7
 We have considered Swan's remaining claims on appeal and we reject them as without merit.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicablity, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal