**James/Jennifer ALLARD,**
**Plaintiff–Appellant,**

v.

**James GOMEZ, Director of Department of Corrections; Ana M. Olivarez; R. Andreason; Cal A. Terhune; Nadim Khoury, Md; Joseph Bick, Md, Defendants–Appellees.**

No. 00–16947.

D.C. No. CV–96–01980–FCD/JRM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2001.

Decided June 8, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Former California state prisoner, James/Jennifer Allard appeals the district court's grant of summary judgment in favor of prison officials and Allard's 42 U.S.C. § 1983 action claiming violation of the Eighth Amendment stemming from the officials' alleged deliberate indifference to Allard's condition of gender identity disorder. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

It is now undisputed that the appellant suffered from such a disorder, that appellant repeatedly sought hormone therapy treatment for it between 1995 and 1998, and that the disorder constituted a serious medical need. *See Meriwether v. Faulkner,* 821 F.2d 408, 412–13 (7th Cir.1987). The district court correctly recognized that during the period in question, the California Medical Facility, where Allard was incarcerated, was applying a department-wide policy in a manner that denied such therapy for gender identity disorder, regardless of the medical recommendations for treatment of any given individual. The district court nevertheless granted summary judgment in favor of the defendants because it found that they had established that the denial of hormone therapy in appellant's particular case was based on a personalized medical evaluation.

The appeal thus turns not on the legal issues but on the nature of the record before us. That record reflects that the state did refer appellant to Dr. Viesti, a psychologist experienced in the area of gender identity disorder, and that he conducted a thorough evaluation over a period of months. Viewing the record most favorably to the appellant, as we must on summary judgment, *Forsyth v. Humana,* 114 F.3d 1467, 1474 (9th Cir.1997), we find that Dr. Viesti recommended that the appellant should receive hormone treatment and that there were no psychological impediments to the receipt of such treatment. Although Dr. Viesti explained in his declaration that he was not in a position technically to recommend any course of pharmacological treatment because he was not a physician, the psychiatric team assigned to evaluate Allard concluded in a chronological report dated July 8, 1996 that Dr. Viesti had assessed the appellant to receive the therapy and that "to date, Mr. Allard has not received the approved hormone therapy." The psychiatric team recommended that Allard's residential classification be changed and that "Hormones should be provided as recommended by Dr. Viesti."

In Allard's repeated appeals seeking hormone therapy, the correctional officials based their denials on a general policy of approving hormonal treatment only on the basis of medical need, ruling that Allard's gender disorder could not qualify as a medical need.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

After careful review of the record, we accordingly conclude that there are at least triable issues as to whether hormone therapy was denied Allard on the basis of an individualized medical evaluation or as a result of a blanket rule, the application of which constituted deliberate indifference to Allard's medical needs.

REVERSED AND REMANDED for further proceedings.

RAWLINSON, Circuit Judge, dissenting.

RAWLINSON, Circuit Judge.

I respectfully dissent. Prison officials did not act with deliberate indifference with regard to Allard's gender dysphoria. Instead, they provided medical treatment for her condition. She was prescribed anti-depressant drugs and was provided counseling.

Notwithstanding the prison's attempts to alleviate Allard's psychological plight, she maintains that the officials acted with deliberate indifference toward her. However, they did not categorically deny medical treatment. The prison's dysphoria committee implemented a policy denying female hormone therapy unless medical indications for the hormones were present. The majority construes this policy as a blanket denial of treatment based on a serious medical need. However, the committee policy reflects, at most, a difference in medical opinion as to the appropriateness of hormone therapy. The gender dysphoria committee found hormone therapy appropriate treatment for those prisoners with medical indications. The fact that other doctors differ in their opinion as to the appropriateness of such therapy for individuals without medical indications does not support a finding of deliberate indifference. As this court has consistently held, difference of medical opinion is not sufficient to state a claim of deliberate indifference. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Accordingly, I would affirm the decision of the district court.