### Michael SHEPHERD, Plaintiff–Appellant,

v.

### Richard MALAN, Dr.; Clark, Dr.; S. Steinberg, Dr.; Harlen Watkins, CCII; Steven Cambra, Jr., Warden; James Gomez, Director, Department of Corrections, Defendants–Appellees.

No. 99–17596.

D.C. No. CV–97–00891–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2001.

Decided June 28, 2001.

---

Before SCHROEDER, Chief Judge, D. NELSON and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Michael Shepherd ("Shepherd"), an inmate at Pelican Bay State Prison in California, appeals the district court's summary judgment in favor of prison officials and medical personnel. Shepherd filed a 42 U.S.C. § 1983 action alleging that he was denied adequate dental treatment in violation of his constitutional rights. Shepherd also alleged retaliation for filing prisoner appeals, namely that the dental office failed to properly document his dental visits and his attorney was prevented from contact visitation and mail correspondence.

We review *de novo* a district court's grant of summary judgment. *Cole v. Oroville Union High School District*, 228 F.3d 1092, 1097 (9th Cir.2000) (citation omitted).

In order to state a 42 U.S.C. § 1983 claim, Shepherd must allege facts

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

establishing that prison officials acted with deliberate indifference to a serious medical need. *See Wakefield v. Thompson,* 177 F.3d 1160, 1164 (9th Cir.1999). At most, Shepherd asserted a difference of medical opinion among the dental staff, which is not actionable. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Shepherd failed to show a denial, delay or intentional interference with medical treatment; therefore, his deliberate indifference claim fails. *See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000).

■ Filing a grievance with prison officials is a protected activity under the First Amendment. *See Hines v. Gomez,* 108 F.3d 265, 267–68 (9th Cir.1997). However, Shepherd did not meet his burden of establishing that the substantial or motivating factor behind the alleged deprivation (failure to document dental records) was in retaliation for exercising constitutional rights. *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989).

■ Nor did Shepherd meet his burden with regard to retaliation based on excluding his attorney from contact visitation and mail correspondence. The decision to exclude his attorney was made before the attorney-client relationship was formed between Shepherd and Easton (the excluded attorney). Further, Shepherd did not demonstrate actual injury regarding the lack of contact visitation because he had access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir.1996), amended by, 135 F.3d 1318 (9th Cir.1998). Moreover, the restriction was "reasonably related to legitimate penological interests." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995) (citation omitted).

In his reply brief, Shepherd challenges the district court's denial of a preliminary injunction, which Shepherd sought in order to enjoin Pelican Bay from restricting Ea-ston's access to the prison. Because he did not argue this issue in his opening brief, however, Shepherd has waived the issue. *See Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1111 n. 1 (9th Cir.2000) (en banc) (holding issues not raised in a party's opening brief are waived).

Finally, the district court did not err in canceling the hearing on the motion for summary judgment, because Shepherd did not set forth any facts or evidence tending to show that he was prejudiced by the lack of oral argument. *Fernhoff v. Tahoe Reg'l Planning Agency,* 803 F.2d 979, 983 (9th Cir.1986).

AFFIRMED.