Mark E. HAMPTON, Plaintiff—
Appellant,

v.

Charles RYAN;  et al., Defendants—
Appellees.

No.  06–17388.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Mark E. Hampton, Florence, AZ, pro se.

Catherine Marie Bohland, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLECTCHER, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Mark E. Hampton appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional violations stemming from his placement and continuing confinement in administrative segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

■ The district court properly granted summary judgment on Hampton's due process claim challenging his initial placement in administrative segregation because he admitted that he was given notice of the factual basis for the placement and an opportunity to be heard. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (holding that placement in administrative segregation only requires notice to prisoner, opportunity for prisoner to submit information, and non-adversary review of information supporting placement).

Moreover, Hampton failed to controvert defendants' showing that there was "some evidence" to demonstrate his membership in the Aryan Brotherhood. *See Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir.2003) (holding that a prison gang validation proceeding is subject to the "some evidence" standard where it is an administrative strategy rather than a disciplinary measure).

■ The district court properly granted summary judgment on Hampton's due process claim regarding his continued confinement in administrative segregation because Hampton did not raise a triable issue as to whether the periodic reviews were adequate. *See Wilkinson v. Austin*, 545 U.S. 209, 227, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (holding that periodic reviews involving informal, nonadversary procedures were adequate safeguards for placement in maximum custody).

■ The district court properly granted summary judgment on Hampton's Eighth Amendment claim challenging the conditions of confinement because Hampton failed to raise a triable issue as to whether the lighting level in his cell caused him to suffer psychological or physical harm. *See Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir.1996) (concluding that constant illumination that results in physical or psychological harm serves no legitimate penological interest). Hampton also failed to raise a triable issue regarding the adequacy of outdoor exercise provided by the prison. *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.1979) (concluding that five hours per week of outdoor exercise meets the minimum requirements for inmates in continuous segregation).

■ The district court properly granted summary judgment on Hampton's Eighth

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Amendment claim regarding nutrition as Hampton failed to raise a triable issue of fact concerning whether the defendants knew that he may not have received his scheduled portion of calories and therefore acted with a culpable state of mind. *See Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000) (requiring a subjective showing that the prison official acted with a sufficiently culpable state of mind).

The district court properly granted summary judgment on Hampton's Eighth Amendment claim regarding medical care because a difference in medical opinion is insufficient to establish deliberate indifference. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (holding that a difference of medical opinion concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs).

**AFFIRMED.**