**O.Z. MARTIN, Plaintiff–Appellant,**

v.

**Edward ALAMEIDA, Jr.; et al., Defendants–Appellees.**

No. 07–16809.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

O.Z. Martin, Represa, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rebecca M. Armstrong Grau, Deputy Attorney General, Office of the California Attorney General, Rebecca M. Armstrong Grau, Deputy Attorney General, Jerome M. Varanini, Esquire, Trimble, Sherinian & Varanini Sacramento, CA, for Defendants–Appellees.

Before BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

MEMORANDUM **

O.Z. Martin, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to Doctors Tranquina, Obedoza, Rallos and Tan because Martin failed to raise a genuine issue of material fact as to whether it was medically unacceptable for the doctors not to administer drug therapy or request a liver biopsy. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (1996) (explaining that a difference of opinion regarding medical treatment does not amount to deliberate indifference, and to prevail on such a claim the prisoner would have to show the course of treatment chosen was medically unacceptable).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment to Nurses Cassey and Croll because Martin failed to raise a genuine issue of material fact as to whether these defendants ignored, delayed, or interfered with his requests for medical treatment by granting Martin's administrative appeals. *See McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992) (explaining that where a prisoner is alleging that delay or interference with medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury), *overruled on other grounds by WMX Techs., Inc., v. Miller,* 104 F.3d 1133 (9th Cir.1997); *see also Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003) (holding that inmates have no separate constitutional entitlement to specific prison grievance procedures, thus, any claims related thereto lack the necessary constitutional foundation to maintain a § 1983 claim).

The district court did not abuse its discretion by denying Martin's request for appointment of counsel because the case did not present exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004) ("The decision to appoint counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances.")

Martin's remaining contentions are unpersuasive.

**AFFIRMED.**