**Raymond D. JACKSON,**
**Plaintiff–Appellee,**

v.

**Duncan A. McINTOSH; David Victorino,**
**Defendants–Appellants.**

**No. 94–16741.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 17, 1995.

Decided April 11, 1996.

As amended on Denial of Rehearing and Rehearing En Banc July 18, 1996.*

Brewster so recommends.

---

* Judges Kozinski and Noonan have voted to reject the suggestion for rehearing en banc and Judge

Kathleen E. Gnekow and William V. Cashdollar, Deputy Attorney Generals, Sacramento, California, for defendants-appellants.

Amitai Schwartz and Antonio Ponvert, III, San Francisco, California, for plaintiff-appellee.

Before: KOZINSKI and JOHN T. NOONAN, Jr., Circuit Judges, and BREWSTER **, District Judge.

## OPINION

NOONAN, Circuit Judge:

Raymond D. Jackson, a state prisoner on dialysis, brought suit under 42 U.S.C. § 1983 contending that Dr. Duncan McIntosh and Dr. David Victorino had violated his rights under the Eighth Amendment by refusing him a kidney transplant. The doctors moved for summary judgment on the ground of qualified immunity. The district court denied the motion. The doctors appeal.

## ANALYSIS

The doctors contend that they are entitled to qualified immunity because there was no clearly established law requiring

** The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.

them to provide a kidney transplant to a prisoner on dialysis. The doctors state the issue too narrowly. "The right the official is alleged to have violated must be made specific in regard to the kind of action complained of for the constitutional right at issue to have been clearly established." *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 70 F.3d 1095, 1100–01 (9th Cir.1995). It is settled law that deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). " 'Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment,' " *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992) (quoting *Hunt v. Dental Dept.,* 865 F.2d 198, 201 (9th Cir.1989). For a right to be clearly established it is not necessary that the very action in question have previously been held unlawful. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). To define the law in question too narrowly would be to allow defendants "to define away all potential claims." *Kelley v. Borg,* 60 F.3d 664, 667 (9th Cir.1995).

■ Certain principles follow necessarily from the deliberate indifference standard and facilitate its application to cases such as this one which involve choices between alternative courses of treatment. We held in *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989) (citing *Estelle,* 429 U.S. at 107, 97 S.Ct. at 292), for example, that a plaintiff's showing of nothing more than "a difference of medical opinion" as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference. In other words, where a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law. *See Estelle,* 429 U.S. at 107–08, 97 S.Ct. at 292–93. To prevail under these principles, Jackson must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, *Williams v. Vincent,* 508 F.2d 541, 543–44 (2d Cir.1974) (cited with approval in *Estelle,* 429 U.S. at 104 n. 10, 97 S.Ct. at 291), and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health. *Farmer v. Brennan,* 511 U.S. 825, —— – ——, 114 S.Ct. 1970, 1978–79, 128 L.Ed.2d 811 (1994).

■ The doctors may well find solace in these principles when they are applied by the trier of fact or on appeal from a final judgment. They are of no avail to the doctors on this interlocutory appeal, however, as Jackson has alleged the doctors chose to deny him the opportunity for a kidney transplant, not because of an honest medical judgment, but on account of personal animosity. If Jackson proves that claim at trial, and he has shown that the delay in performing the kidney transplant was medically unacceptable, he will have shown that the doctors were deliberately indifferent to his serious medical needs.

■ The doctors further argue that Jackson failed to show a genuine issue of material fact as to whether they were deliberately indifferent, in fact, to his medical needs. As to that question we lack jurisdiction. It is a question that cannot be separated from the merits of Jackson's case. It is a question reviewable after trial. We are instructed by the Supreme Court that for these reasons appellate jurisdiction is lacking. *Johnson v. Jones,* —— U.S. ——, ——, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995). *Johnson* dictates that we must refrain from considering this question, a departure from our prior approach to qualified immunity appeals from a denial of summary judgment. *See, e.g., Burgess v. Pierce,* 918 F.2d 104, 106 n. 3 (9th Cir.1990). Given the district court's determination that there is a triable issue as to deliberate indifference, the doctors were not entitled to summary judgment on the ground that they could reasonably have believed their conduct did not violate clearly-established law. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir.1992).

Accordingly, the appeal is *DISMISSED* for lack of jurisdiction.