**Ronald TODD, Plaintiff–Appellant,**

v.

**Richard KIRKLAND; et al., Defendants–Appellees.**

No. 00–15405.

D.C. No. CV–97–00506–DWH/RAM.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**550**

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Ronald Todd, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging violations of his constitutional rights while incarcerated at the Washoe County Detention Center. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.

Todd contends that the district court erred by granting defendants summary judgment on his medical deliberate indifference claims. We disagree.

■ The district court properly granted summary judgment on Todd's deliberate indifference claims because he presented no evidence that defendants knew of and disregarded a substantial risk of serious harm to his safety, *see Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), or that defendants were deliberately indifferent to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). At most, Todd showed a difference in medical opinion which does not amount to deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

■ Todd's free exercise claim fails because the challenged prison regulation requiring short hair is reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Todd's contention that prison officials violated his constitutional rights by searching his cell and taking his legal documents is without merit because Todd failed to show that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351–352, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

