**Lannie Stephen COX, Plaintiff–Appellant,**

v.

**Clarence W. DUPNIK; et al., Defendants–Appellees.**

No. 00–17009.

D.C. No. CV–97–00199–FRZ.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Lannie Stephen Cox, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

With respect to defendants Dupnik and Carmona, the district court properly granted summary judgment because Cox attempted to base their liability on a *respondeat superior* theory. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). With respect to defendant Pima County Jail, the district court properly granted summary judgment because Cox failed to present evidence of a policy or custom which caused his alleged injuries. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

With respect to defendants Dexter and Slocum, the district court properly granted summary judgment because Cox demonstrated, at most, that defendants engaged in medical malpractice or that they had a different opinion about proper medical care for Cox. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

With respect to defendant Jaskiewicz, the district court properly granted summary judgment on Cox's claims relating to pain management and the provision of a wheelchair because these amounted to differences of opinion, *see Jackson*, 90 F.3d at 332, and Cox submitted no admissible evidence demonstrating that a delay in treatment of his herniated discs caused further injury, *see McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). With respect to Cox's claim concerning incontinence, the district court properly granted summary judgment because Cox failed to demonstrate that his condition was a serious medical need. *See McGuckin*, 974 F.2d at 1059–60.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We reject Cox's remaining contentions as meritless.[1]

AFFIRMED.

---

1. Although our review of Cox's summary judgment motion convinces us that the error is harmless in this case, we note that the district court's notice concerning the requirements for opposing summary judgment, since it is phrased almost entirely in technical legal terminology, is inadequate. *See Rand v. Rowland,* 154 F.3d 952, 960, 961–62 (9th Cir. 1998) and Appendix "A" (en banc).

