Daniel O. HERNANDEZ,
Plaintiff–Appellant,

v.

Sisar PADERES, M.D.; Virginia Burchett; Kenneth Zienkiewicz, M.D.; Wesley Mun, Defendants–Appellees.

No. 00–16802.

D.C. No. CV–98–00744–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 16, 2002.[*]

Decided Jan. 29, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before GOODWIN, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM **

Daniel Hernandez ("Hernandez"), a prisoner at Halawa Correctional Facility in Honolulu, Hawaii, sued Sisar Paderes, M.D. ("Dr.Paderes"), Virginia Burchett, R.N. ("Nurse Burchett"), Kenneth Zienkiewicz, M.D. ("Dr.Zienkiewicz"), and Wesley Mun ("Mun") (collectively "Defendants") under 42 U.S.C. § 1983 alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court granted summary judgment with respect to all Defendants.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review the grant of summary judgment de novo. *See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). Viewing the evidence in the light most favorable to Hernandez, we consider whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.* We affirm.

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to a prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference exists only where

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the *"official knows of and disregards* an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (emphasis added); *see also Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (requiring plaintiff to show denial of his medical needs "in conscious disregard of an excessive risk to plaintiff's health."); *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

### A.  Dr. Paderes

■ The uncontroverted evidence shows that Dr. Paderes treated Hernandez on numerous occasions and referred him to other care providers for more specialized care. Even under our liberal standard of review, these facts do not support a finding that Dr. Paderes purposefully disregarded Hernandez's medical needs. Because Hernandez cannot establish deliberate indifference by Dr. Paderes, the district court properly granted summary judgment on this claim.

### B.  Nurse Burchett

■ Hernandez alleges that Nurse Burchett was deliberately indifferent to his medical needs by cancelling his August 11, 1997 doctor's appointment without a doctor's approval. Because no harm resulted from this alleged cancellation, no finding of deliberate indifference is possible. *See id.* Further, summary judgment was proper because Nurse Burchett's alleged neglect was an isolated incident. *See id.* ("A finding that the defendant's neglect of a prisoner's condition was an isolated occurrence . . . to the defendant's overall treat-ment of the prisoner ordinarily militates against a finding of deliberate indifference.") (citations omitted).

### C.  Dr. Zienkiewicz

■ The parties agree that Dr. Zienkiewicz approved six of the seven treatments requested on Hernandez's behalf; he denied the seventh, seemingly, to compel the prison to proceed with the previously approved-of surgery. This evidence does not suggest, let alone demonstrate, that Dr. Zienkiewicz purposefully ignored or failed to respond to Hernandez's needs. The district court properly granted summary judgment on this claim.

### D.  Mun

■ Mun granted the one request he received for Hernandez's treatment. When it became clear that Hernandez's surgery could not be performed in Minnesota, Mun orchestrated Hernandez's return to Hawaii. Though Hernandez had to wait two months for his surgery after returning from the mainland, he offers no evidence to suggest Mun was responsible for the delay. Because these facts do not support a finding of deliberate indifference, the district court properly granted summary judgment on this claim.

AFFIRMED.