**Tarence Terrell LINDSAY,**
**Plaintiff–Appellant,**

v.

**Cal A. TERHUNE; et al., Defendants–**
**Appellees.**

**No. 01–16813.**

**D.C. No. CV–00–00318–LKK.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, WARDLAW,
and W. FLETCHER, Circuit Judges.

MEMORANDUM **

California state prisoner Tarence Terrell Lindsay appeals pro se the district court's grant of summary judgment in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs by failing to provide timely and adequate medical care for his knee. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997), and we affirm.

The district court properly granted summary judgment because Lindsay failed to

raise a genuine issue of material fact as to whether defendants were deliberately indifferent to his serious medical needs prior to surgery and during post-operative care. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (stating that a difference of medical opinion regarding proper medical treatment is insufficient to establish deliberate indifference); *McGuckin,* 974 F.2d at 1060 (stating that a delay in surgery does not amount to deliberate indifference unless the delay causes further harm). Furthermore, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Lindsay's state law claims. *See Executive Software N. Am., Inc. v. United States Dist. Court,* 24 F.3d 1545, 1555–56 (9th Cir. 1994).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.