**Curtis J. CHRISTIANSON, Plaintiff—Appellant,**

v.

**RANTZ, Dr.; et al., Defendants— Appellees.**

**No. 03–35914.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Curtis J. Christianson, Montana State Prison, Deer Lodge, MT, pro se.

Diana P. Leibinger–Koch, Esq., Laura L. Simonson, Department of Corrections, Helena, MT, for Defendants–Appellees.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM **

Curtis J. Christianson, a Montana state prisoner, appeals pro se the district court's

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.

Summary judgment was proper because Christianson failed to raise a genuine issue of material fact as to whether prison officials acted with deliberate indifference in diagnosing and treating his knee condition. *See id.* at 1130. Christianson's disagreement as to his treatment plan does not rise to the level of an Eighth Amendment violation. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

Christianson likewise failed to raise a genuine issue of material fact as to whether denial of the use of a de-rotational leg brace constituted deliberate indifference to a serious medical need because the prison officials presented uncontroverted evidence that Christianson was denied the brace based on legitimate safety concerns. *See Whitley v. Albers*, 475 U.S. 312, 321–22, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (holding that prison officials should be accorded wide-ranging deference in the adoption and execution of policies necessary to preserve internal order and maintain institutional security).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.