**Miguel CRESPO, Plaintiff—Appellant,**

v.

**R.N. MARTIN; et al., Defendants— Appellees.**

**No. 03–15903.**

**D.C. No. CV–00–00439–FCD/GGH.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Miguel Crespo, Soledad, CA, pro se.

Benjamin T. Rice, Sacramento, CA, for Plaintiff–Appellant.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Miguel Crespo, a California state prisoner, appeals pro se the district court's judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.

The district court properly granted summary judgment on Crespo's claim concern-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing delay of an orthopedic consultation and medical care to treat his injured leg because Crespo failed to raise a genuine issue of material fact as to whether the delay caused him harm. *See McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

The district court correctly concluded that Crespo's contention that prison medical staff failed to provide him proper treatment is insufficient to establish deliberate indifference. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (holding that a difference of medical opinion was insufficient as a matter of law to establish deliberate indifference).

Crespo's remaining contentions are unpersuasive.

**AFFIRMED.**