George LEE, Plaintiff—Appellant,

v.

A. LAMARQUE, Warden,
Defendant—Appellee.

No. 04–16186.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

George Lee, CSPSOL—California State Prison (Solano), Vacaville, CA, pro se.

John G. Donhoff, Jr., Esq., Paul T. Hammerness, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

George Lee, a California state prisoner, appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. § 1983 action alleging that prison medical officers were deliberately indifferent to his medical condition by denying him proper medical care for his serious back pain. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment for defendants because Lee failed to raise a genuine issue of mate-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rial fact as to whether the prison officials acted with deliberate indifference to his medical needs. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that prison officials can only be held liable where an inmate can show that officials knew the inmate faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it). Defendants' evidence shows that Lee received extensive medical care, and his doctors did not "purposefully ignore or fail to respond to [Lee's] pain or possible medical needs." *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds, WMX Tech. Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

■ At most, Lee raised an issue as to whether defendants' actions constitute medical negligence, but this does not amount to a constitutional violation. *See Estelle v. Gamble,* 429 U.S. 97, 106–07, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Moreover, " 'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (citation omitted).

Lee's remaining contentions lack merit.

AFFIRMED.