**Kelly Allen REPP, Plaintiff— Appellant,**

v.

**Lorin NIELSON, Bannock County Sheriff; et al., Defendants— Appellees,**

and

**Joseph Klauser, Warden, IDOC; et al., Defendants.**

No. 04–35558.

D.C. No. CV–01–00038–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided June 3, 2005.

Kelly Allen Repp, Idaho State Correctional Institution, Boise, ID, for Plaintiff–Appellant. Blake G. Hall, Anderson Nelson Hall Smith, Idaho Falls, ID, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Idaho state prisoner Kelly Allen Repp appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that county officials were deliberately indifferent to his medical needs by exposing him to inmates with tuberculosis ("TB") while he was incarcerated in the Bannock County Jail. We have jurisdiction pursuant to 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly held that Repp failed to failed to raise a genuine issue of material fact as to whether the prison officials acted with deliberate indifference to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that prison officials can only be held liable where an inmate can show that officials knew of and consciously disregarded an excessive risk to prisoner's health). To the contrary, the record indicates that as soon as defendants became aware of an active case of TB in the jail population, they acted immediately to evaluate and protect the health of inmates and staff. *See id.*

Repp's contention that his latent TB was treated inappropriately also lacks merit, because Repp failed to rebut the medical opinion offered by defendants with any competent evidence asserting that the course of treatment provided was inappropriate for his medical condition. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (holding that a difference in opinion between inmate and physician regarding treatment does not amount to deliberate indifference).

AFFIRMED.