**Goldia MOSER, personal representative for the estate of James William Marlow, Plaintiff—Appellant,**

v.

**Terry L. STEWART, Director, sued in individual & official capacity; et al., Defendants—Appellees.**

No. 04–15980.

D.C. No. CV–02–01220–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Goldia Moser, Sikeston, MO, pro se.

Susanna Carballo Pineda, DAG, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, Mark Douglas Dil-

lon, Sacks Tierney PA, Scottsdale, AZ, Peter M. Coppinger, Gregory D. Cote, Gadsby Hannah LLP, Boston, MA, for Defendants–Appellees.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Goldia Moser appeals pro se the district court's summary judgment in favor of Arizona Department of Corrections officials, and employees of Canteen Corporation of America, in James William Marlow's 42 U.S.C. § 1983 action alleging defendants were deliberately indifferent to his serious medical needs by failing to provide him with a nutritionally-adequate diet. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

Summary judgment was proper on Marlow's claim that the low-residue diet prison doctors prescribed was nutritionally inadequate, as to a difference of opinion between a prisoner and the prison doctor does not support a claim of deliberate indifference. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Similarly, summary judgment was proper on Marlow's claim that he was occasionally served meals that did not comply with his medically-prescribed diet. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990) (recognizing even gross negligence is insufficient to establish deliberate indifference).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Goldia Moser's motion to be substituted in as the appellant is granted. *See* Fed. R.App. P. 43(a). The clerk shall amend the docket to reflect that Goldia Moser is the named appellant.

**AFFIRMED.**