924

Ronald SHIPLEY, Plaintiff—
Appellant,

v.

Theodore D'AMICO; et al.,
Defendants—Appellees.

No. 06–15943.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 10, 2007.

Ronald Shipley, Las Vegas, NV, pro se.

Holly L. Eicher, J. Marty Howard, Esq., Office of the Attorney General, State of Nevada, Las Vegas, NV, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Ronald Shipley, a former Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials acted with deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

Because Shipley filed his complaint more than two years after the alleged Eighth Amendment violations, the district court correctly concluded counts I, II, and III were barred by the statute of limitations. *See* Nev.Rev.Stat. § 11.190(4)(e); *see also Johnson v. California*, 207 F.3d 650, 653 (9th Cir.2000) (per curiam) (federal courts should borrow the state's statute of limitations for personal injury claims from the state in section 1983 actions).

Furthermore, the district court properly granted summary judgment as to counts IV and V, because Shipley failed to raise a genuine issue of material fact as to whether the defendants acted with deliberate indifference in treating his hepatitis. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (explaining that a difference in opinion regarding the appropriate course of treatment does not amount to deliberate indifference to medical needs).

Shipley's remaining contentions are unpersuasive.

Shipley's fourth request for an extension of time to file a reply brief is denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.