**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW BORGERDING,<br><br>      Plaintiff - Appellant,<br><br>   v.<br><br>STATE OF CALIFORNIA; et al.,<br><br>      Defendants - Appellees. | No. 08-56465<br><br>D.C. No. 5:07-cv-00581-OP<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Oswald Parada, Magistrate Judge, Presiding[**]

Submitted February 16, 2010[***]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The parties consented in writing to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c)(1).

   [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

LSS/Research

Former California state prisoner Andrew Borgerding appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We reverse and remand.

Summary judgment was improper because Borgerding established a triable issue as to whether defendants acted with deliberate indifference to his serious medical needs by failing to ensure the timely removal of his impacted wisdom teeth. A reasonable jury could conclude that defendant Gorton was deliberately indifferent to Borgerding's health in delaying extraction because he observed Borgerding enduring the painful effects of the impacted wisdom teeth for at least a year, he knew that two prior dentists had already concluded that extraction was necessary, and there is expert testimony suggesting that Gorton's treatment violated well-accepted standards of dental care. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding that where a prisoner shows that the course of treatment the doctors chose was "medically unacceptable under the circumstances, . . . in conscious disregard of an excessive risk to [the prisoner's] health[,]" he will have shown deliberate indifference); *see also Toguchi*, 391 F.3d at 1058.

Similarly, summary judgment for defendant Van Mohr was improper, given that Borgerding demonstrated a triable issue as to whether Van Mohr was aware that Borgerding's lower wisdom teeth were in need of extraction, yet failed to take medically-necessary responsive measures. *See id*.

**REVERSED and REMANDED.**