**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SY LEE CASTLE,

        Plaintiff - Appellant,

  v.

M. RAMIREZ, Correctional Nurse; et al.,

        Defendants - Appellees.

No. 08-56435

No. 3:08-cv-00347-DMS-POR

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

    Sy Lee Castle, a California state prisoner, appeals *pro se* from the district

court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action claiming

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to serious medical needs and equal protection violations. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Castle's deliberate indifference claim because Castle cannot allege that Nurses Ramirez, Cerrillo, and Lopez denied him his prescription pain medicine in conscious disregard of an excessive risk to his health, as required by *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Rather, the record shows, and Castle admits, that they were enforcing the prison rule that inmates be admitted to the infirmary to receive this pain medication, which Castle refused to do for approximately one month. Castle's preference as to the location of his treatment does not constitute deliberate indifference, *see Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), and any alleged negligence in the nurses' failure to administer a crushed form of the medicine to Castle on an outpatient basis is also insufficient to constitute deliberate indifference, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The district court also properly dismissed Castle's equal protection claim.

Castle fails to plead facts suggesting that the nurses intentionally discriminated against him or that he was part of a protected class, as required by *Bell v. Wolfish,* 441 U.S. 520, 545 (1979).

**AFFIRMED.**