**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JON THOMAS CORSO,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>JOHN DOE 1, Warden; et al.,<br><br>              Defendants - Appellees. | No. 11-16524<br><br>D.C. No. 1:11-cv-00102-JMS-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

   Hawaii state prisoner Jon Thomas Corso appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment violations in connection with a fall he sustained in the prison showers.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Corso's claim of deliberate indifference to his medical needs because the complaint failed to allege facts suggesting that the defendant acted with deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[A] plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference." (internal quotations omitted)).

The district court, however, prematurely dismissed Corso's deliberate indifference to prison conditions claim at screening. Corso's allegations are sufficient to suggest deliberate indifference in that prison officials knew the slippery shower floors posed a substantial risk of serious harm because of serious injury to other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official violates the Eighth Amendment prohibition against inhumane conditions of confinement if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm); *Frost v.*

2                                                                                    11-16524

*Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("Slippery floors without protective measures could create a sufficient danger to warrant relief.").

Accordingly, we reverse in part, and remand with instructions for the district court to order service of the operative second amended complaint by the United States Marshal.

Corso shall bear his own costs on appeal.

Corso's motion for default judgment is denied.

**AFFIRMED in part; REVERSED in part; REMANDED.**

11-16524