**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD L. GRAY, II, | No. 11-16865 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00778-OWW-GSA |
| v. | |
| D. ROBINSON, MTA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Edward L. Gray, II, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to serious medical needs in connection with his treatment

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for valley fever.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Gray failed to raise a genuine dispute of material fact as to whether defendants failed to respond adequately to his illness.  *See id.* at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that the defendants' chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health).

The district court did not abuse its discretion by declining to continue defendants' summary judgment motions until Gray could conduct additional discovery because Gray failed to identify the specific facts that additional discovery would have revealed or how those facts would have been essential to resist the summary judgment motions.  *See California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (standard of review and setting forth relevant factors).

**AFFIRMED.**