UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CODELL PRIDE, Jr.,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>M. CORREA; LEVIN, Dr.; T. OCHOA,<br>Warden; SANTIAGO, Dr.,<br><br>            Defendants - Appellees. | No. 10-56036<br><br>D.C. No. 3:07-cv-01382-BEN-JMA<br>Southern District of California,<br>San Diego<br><br>ORDER |

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Pride's request for publication is GRANTED. The memorandum disposition filed on December 27, 2012, is withdrawn. A published opinion along with a new memorandum disposition will be filed concurrently with this order.

IT IS SO ORDERED.



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CODELL PRIDE, Jr., | No. 10-56036 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01382-BEN-JMA |
| v. | |
| M. CORREA; LEVIN, Dr.; T. OCHOA, Warden; SANTIAGO, Dr., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 6, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Plaintiff David Pride, a California prisoner, appeals from the district court's:

(1) grant of defendants' motion for summary judgment; and (2) denial of Pride's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

motion for a continuance to conduct discovery.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We hold that the district court erred by granting summary judgment in favor of defendants Dr. Levin and Nurse Correa.  We affirm the district court's grant of summary judgment in favor of defendants Dr. Santiago and Warden Ochoa.  We find that the district court erred by denying Pride's motion to continue the hearing on defendants' motion for summary judgment pending further discovery.  We remand for further proceedings consistent with this disposition.

I.      Defendants' Motion for Summary Judgment

A.      Dr. Levin and Nurse Correa

We review a grant of summary judgment *de novo*.  *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998).  In light of Pride's medical records showing chronic and substantial pain resulting from a permanent shoulder injury caused by a gunshot wound, and from a knee injury, Pride has established a genuine issue of material fact on whether he has a serious medical need.  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).  Genuine issues of material fact also

---

[1]  We address the district court's grant of defendants' motion to dismiss Pride's claim for injunctive relief in a concurrently-filed opinion.

exist on whether Dr. Levin and Nurse Correa were deliberately indifferent to Pride's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

There is no evidence in the record showing that the Chrono Committee's denial of Dr. Santiago's requests for Pride was based on medical reasons. The record also does not identify the names of the Chrono Committee doctors, who purportedly denied Dr. Santiago's requests. Viewing the evidence in a light most favorable to Pride raises a reasonable inference that the Chrono Committee's decision constituted an inferior medical opinion when compared to Dr. Santiago's recommendation as Pride's treating physician. *See e.g., Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012) (concluding that a triable issue existed as to deliberate indifference where a panel of doctors repeatedly denied the recommendation made by plaintiff's treating doctor and two orthopedic surgeons that plaintiff undergo surgery); *Hamilton v. Endell*, 981 F.2d 1062 (9th Cir. 1992) (holding that defendants may have acted with deliberate indifference by choosing to rely on a doctor's "inferior" medical opinion, which was based solely on standard medical protocol, instead of on plaintiff's treating physician and surgeon).

Moreover, it is undisputed that Nurse Correa was unqualified to be on the Chrono Committee. But Dr. Levin sent Nurse Correa to the Chrono Committee as his representative and Nurse Correa signed the denial on Dr. Levin's behalf. *See*

*Toussaint v. McCarthy*, 801 F.2d 1080, 1111-12 (9th Cir. 1986) (reversing summary judgment in favor of defendants because if registered nurses provided "a number of [medical] services which they [were] not qualified to perform," this would demonstrate deliberate indifference), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

Accordingly, triable issues of material fact exist as to whether: (1) the Chrono Committee's decision was an inferior medical opinion when compared to Dr. Santiago's opinion; (2) Dr. Levin and Nurse Correa acted with deliberate indifference in denying Pride's Second Level Review given the lack of medical reasons for the Chrono Committee's decision; and (3) Dr. Levin and Nurse Correa acted with deliberate indifference when Nurse Correa attended the Chrono Committee for Dr. Levin.[2]

B.     Dr. Santiago

The district court properly granted summary judgment in favor of Dr. Santiago. At most, Dr. Santiago's conduct amounts to negligence, not deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334-35 (9th Cir. 1990) (gross

---

[2] Defendants' argument that Pride never followed up with his treating physician is unpersuasive. Pride claims that he saw his doctor and spoke about his appeal. He also visited with additional doctors who issued the same chronos as Dr. Santiago. Thus, whether Pride followed through with instruction to see his treating physicians is also a triable issue of material fact.

negligence and mere medical malpractice do not constitute deliberate indifference).

### C. Warden Ochoa

The district court also properly granted summary judgment in favor of Warden Ochoa. Ochoa was neither personally involved with the alleged constitutional violation nor was his policy sufficiently causally connected to the violation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1454-55 (9th Cir. 1991) (holding that for a supervisor to be individually liable he must be personally involved in the constitutional deprivation, or his policy must be sufficiently causally connected to the constitutional violation).

## II. Pride's Motion for Continuance to Conduct Discovery

We review for abuse of discretion the district court's denial of a motion to continue a summary judgment hearing pending further discovery. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012). The district court abused its discretion by requiring the discovery sought by Pride under Rule 56(d) to be obtained from defendants, rather than from a third-party. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

Moreover, Pride demonstrated that the additional discovery would have precluded summary judgment, thus, the district court's denial of Pride's motion

was an abuse of discretion. *See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) (stating that denial is disfavored when a plaintiff specifically identifies relevant information and points to "some basis" for its existence). Specifically, Pride's requested information from Nurse Garcia regarding his appointments with doctors would have disproved defendants' claim that Pride did not go back to his doctors as instructed. Pride's requested information regarding attempts by defendants to fabricate documentation during Pride's appeal would have demonstrated personal animosity, which bears on the issue of deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding that "personal animosity" may establish deliberate indifference). In his motion, Pride substantiated that Garcia would possess the requested discovery because she interviewed Pride on issues raised in his inmate appeal, was involved in the grievance process, and filled out one of the appeal forms.

Thus, on remand, Pride must be allowed additional discovery.[3]

---

[3] Pride did not seek discovery relating to Dr. Santiago. Although Pride sought information from Garcia on Ochoa's prison mattress policy, that discovery would not have precluded summary judgment. Thus, summary judgment in favor of Dr. Santiago and Warden Ochoa is not subject to reversal because of the district court's erroneous ruling on Pride's motion for a continuance.

III.    Conclusion

The district court's order granting summary judgment in favor of defendants is REVERSED in part and AFFIRMED in part.  The district court's order denying Pride's motion for discovery is REVERSED; on remand, Pride must be allowed additional discovery.  Pride shall recover his costs on appeal.