**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY JEHU STROUP, | No. 12-17247 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00562-HDM-WGC |
| v. | |
| GREGORY MARTIN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Nevada state prisoner Bobby Jehu Stroup appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004). We affirm.

The district court properly granted summary judgment because Stroup failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to his stomach pain, which was eventually diagnosed as a peptic ulcer. *See id.* at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that the defendants' chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health).

The district court did not abuse its discretion by considering and discussing Stroup's sealed medical records in connection with defendants' motion for summary judgment. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80, 1182 (9th. Cir. 2006) (setting forth standard of review and discussing the "compelling reasons" requirement for sealing records attached to a dispositive motion).

We do not consider Stroup's allegations concerning defendant Martin's follow-up care from October 2008 to February 2009 because Stroup expressly

states in his opening brief that those allegations are not part of the claim at issue in this appeal.

**AFFIRMED.**