GOULD, Circuit Judge,
concurring in part and dissenting in part:
I concur only in the result reached by the majority in Part IV. I respectfully dissent from the rest of the majority’s opinion. We have long recognized: “It is settled law that deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment.” Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996) (citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). And it has been clearly established in this Circuit for decades that prison officials are deliberately indifferent when they “deny, *1097 delay, or intentionally interfere with medical treatment.” Id. (quoting Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir.1992)). This principle makes good sense when we recognize that a prisoner is totally at the mercy of prison officials for medical care. If the prison does'not act responsibly to correct a medical problem, the prisoner has nowhere else to go. As the Second Circuit explained persuasively in Brock v. Wright, 315 F.3d 158, 163 (2d Cir.2003): “We will no more tolerate prison officials’ deliberate indifference to the chronic pain of an inmate than we would a sentence that required the inmate to submit to such pain.”
I do not disagree with the majority that the concept of deliberate indifference requires more than simple negligence and a difference of medical opinion. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1057-61 (9th Cir.2004). However, a difference of medical opinion does not preclude a finding of deliberate indifference. See, e.g., Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir.2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir.2014) (en banc). Here, Fleet Hamby reported pain from an umbilical hernia over the course' of several years, saw medical staff more than a dozen times, and filed numerous “kites” and grievances in a futile attempt to have his pain effectively addressed. But he could not get out of the starting gate because the Care Review Committee determined — likely without reviewing Hamby’s medical files, as this was the Committee’s general policy[1] —that' an umbilical hernia that was not incarcerated could be dealt with through “watchful waiting” and did not require surgery. This was despite the fact that Dr. Hammond admitted there was a “good chance” that surgery would alleviate Ham-by’s pain. The Committee’s decision to deny the surgery may have comported with the prison system’s internal policies and contributed to reducing the costs of medical care for prisoners. However, it is not a foregone conclusion that prison officials’ actions here pursuant to prison policies complied with the Eighth Amendment. See Colwell v. Bannister, 763 F.3d 1060, 1063 (9th Cir.2014) (“the blanket, categorical denial of medically indicated surgery solely on the basis of an administrative policy ... is the paradigm of deliberate indifference”).
I do not say that Hamby showed deliberate indifference as a matter of law and could receive summary relief himself. But his evidence was sufficient to raise a genuine issue.of material fact on whether “the course of treatment the doctors chose was medically unacceptable under the circumstances,” and whether they “chose this course in conscious disregard of an excessive risk” to Hamby’s health. Jackson, 90 F.3d at 332. This, case should have gone to a jury as the trier of fact, with the guidance of correct jury instructions on deliberate indifference. It should not have been resolved by summary judgment of the district court. See Snow, 681 F.3d at 987. Nor should that summary judgment be affirmed by us. And so I dissent in the *1098 hope that a future court may correct the majority’s error.