**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD RIGHETTI, | No. 14-16330 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-02717-EMC |
| v. | |
| NEIL RICHMAN, Dr., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted May 12, 2016
San Francisco, California

Before: McKEOWN, SACK[**], and FRIEDLAND, Circuit Judges.

Former California state prisoner Gerald Righetti appeals the grant of

summary judgment in his 42 U.S.C. § 1983 action alleging medical deliberate

indifference to his serious medical needs under the Eighth Amendment.   We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

review summary judgment de novo, *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014), and we reverse.

Righetti, a non-ambulatory triplegic who is paralyzed in one arm and both legs, contends that Defendant Dr. Richman, an orthopedic surgeon, provided constitutionally inadequate medical care following Righetti's arrival at Natividad Medical Center for treatment of an intertrochanteric hip fracture. Dr. Richman acknowledges that he did not personally conduct a patient assessment, but relied solely on information provided telephonically by an emergency room physician to assess Righetti's condition and situation. Dr. Richman rejected Mr. Righetti as a candidate for immediate surgery based on the information that was conveyed. The record indicates that Dr. Richman recommended a follow-up examination in one week's time, although this examination did not occur.

Viewing the evidence in the light most favorable to Righetti, Dr. Richman ruled Righetti out as a candidate for surgery for at least a week and possibly entirely, and did so on the basis that Righetti was a non-ambulatory triplegic without making an individual patient assessment based on a personal bedside evaluation. Righetti presented expert medical testimony that Dr. Richman's care (or failure to provide care) was medically unacceptable. This evidence was

sufficient to raise a genuine dispute of material fact as to whether Dr. Richman's care was objectively "medically unacceptable." *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

There is also conflicting testimony about the degree of pain Righetti suffered. In deciding not to examine Righetti and not to operate, Dr. Richman assumed that Righetti's pain was not "intolerable," and that Righetti was receiving continuous medical care and appropriate pain medication at the prison. These assumptions conflict, however, with the prison's decision to send Righetti to the hospital emergency room, and with Righetti's report of pain of 8 on a 1 to 10 scale when he was at the hospital. This conflict is sufficient to raise a genuine dispute of material fact as to whether Dr. Richman "chose this course [of treatment] in conscious disregard of an excessive risk" to Righetti's serious medical needs. *Jackson*, 90 F.3d at 332 (to establish that a difference of medical opinion amounted to deliberate indifference, a prisoner must show that the defendant's chosen course of treatment was medically unacceptable and taken in conscious disregard of an excessive risk to the prisoner's health).

Dr. Richman's subjective knowledge also may be inferred from the

3

obviousness of risks he ignored.  *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *Lolli v. Cty. of Orange*, 351 F.3d 410, 420-21 (9th Cir. 2003) ("[D]eliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.").  The presence of fact disputes on the obviousness of risks to Righetti means that there also are fact disputes on subjective knowledge.

Accordingly, we reverse the district court's grant of summary judgment and remand for further proceedings.

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED.**