**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY LYNN PEMBER,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>AL RAMOS; et al.,<br><br>          Defendants-Appellees. | No.   15-15627<br><br>D.C. No. 2:11-cv-02332-SMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted August 16, 2016**
San Francisco, California

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Arizona state prisoner Jay Lynn Pember appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). We affirm in part, reverse in part, and remand.

The district court granted summary judgment for defendant Dr. Baird. However, Defendants' argument that there was a difference of medical opinion regarding Pember's need for surgery was unsupported by admissible evidence. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("A moving party without the ultimate burden of persuasion at trial . . . has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment . . . [and] authentication is a condition precedent to admissibility." (citations and internal quotation marks omitted)). None of the exhibits cited by Defendants were authenticated, and there were no declarations by Dr. Baird, Dr. Marsella, or anyone else, or any explanation for the failure to submit such evidence. More broadly, the original recommendation for surgery was rendered in 2009. The different medical opinion (assuming that the exhibits could be authenticated) was not rendered until two years later in 2011. There was no explanation for the delay, during which time there was no opinion identified to us other than the one recommending surgery. It could be concluded that the failure to perform the surgery or to obtain any other medical opinion

15-15627

during that extended period constituted deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (plaintiff can show deliberate indifference if "the course of treatment the doctors chose was medically unacceptable under the circumstances"). Accordingly, we reverse the judgment for Dr. Baird and remand for further proceedings.

Because Pember only challenges summary judgment on his deliberate indifference claim against Dr. Baird, we affirm the remainder of the district court's summary judgment.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**