**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DALE ALEXANDER,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>MAX WILLIAMS; et al.,<br><br>　　　　　　Defendants-Appellees. | No.　13-36197<br><br>D.C. No. 6:11-cv-06215-PK<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Argued and Submitted March 9, 2017
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Prisoner Robert Alexander brought suit against several prison personnel alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  The district court granted the defendants' motion for summary judgment.  Alexander appealed the grant of summary judgment to four of the defendants: Dr. Gulick, Dr. Hansen, Dr. Shelton, and Nurse Gruenwald

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(collectively, "Defendants").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A grant of summary judgment is reviewed de novo, with the evidence viewed in the light most favorable to the nonmoving party.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).

To succeed on a claim of medical mistreatment under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The plaintiff must show more than "a difference of medical opinion"; instead, he must show that the defendant's conduct was "medically unacceptable under the circumstances" and that the defendant consciously disregarded the excessive risk to the plaintiff's health.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

There is no evidence that Defendants recognized Alexander's need for treatment and yet acted with deliberate indifference to that need.  Instead, the evidence shows that Alexander received constant or near-constant treatment during the time period at issue.  Defendants prescribed medication, pursued testing, requested consultations, and ordered a variety of treatments to help Alexander. Alexander has not presented evidence to suggest that the treatment he received was medically unacceptable.  Alexander's reliance on *Snow v. McDaniel*, 681 F.3d 978

2

(9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc), to demonstrate that Dr. Gulick acted with deliberate indifference in deciding to reduce Alexander's Neurontin dosage is unavailing; unlike in *Snow*, there is no evidence that the challenged treatment decision was medically inappropriate. *See id.* at 990 (reversing a grant of summary judgment to a physician's assistant when he had denied plaintiff pain medication but a doctor reviewing the decision later "totally disagree[d]").

AFFIRMED.