**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIANE REIMERS,

        Plaintiff - Appellant,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; et al.,

        Defendants - Appellees.

No. 11-16962

D.C. No. 1:10-cv-00763-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted August 8, 2012[***]

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

    Diane Reimers, a California state prisoner, appeals pro se from the district

court's judgment dismissing her 42 U.S.C. § 1983 action alleging deliberate

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    Reimers consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference with regard to treatment she received for neck and spinal injuries. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Reimers's deliberate indifference claim because Reimers failed to allege facts showing that defendants acted with conscious disregard to her heath. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence in diagnosing or treating a medical condition is insufficient); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs).

**AFFIRMED.**