**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL WEBSTER WRIGHT, | No. 11-17275 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02349-MCE-JFM |
| v. | |
| DOROTHY E. SWINGLE; J. NEPOMUCENO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

David Webster Wright, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to serious medical needs in connection with the frequency

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and manner in which he received pain medication. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Wright's medication delay claim because Wright failed to raise a genuine dispute of material fact as to whether defendants were involved in or had any control over ordering and stocking prescription medication and thus were responsible for its delay. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; plaintiff must show personal involvement in alleged violations); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." (citation, internal quotation marks, and alterations omitted)).

The district court properly granted summary judgment on the "crush and float" policy claim because Wright failed to raise a genuine dispute of material fact as to whether the policy of crushing his medication into a powder and placing it in water was chosen in conscious disregard of an excessive risk to Wright's health. *See Toguchi*, 391 F.3d at 1058 (prison officials act with deliberate indifference

only if they know of and disregard an excessive risk to inmate health); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (where defendant has based actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff must show that the chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to plaintiff's health).

**AFFIRMED.**