**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL TREGLIA,

        Plaintiff - Appellant,

  v.

M. C. SAYRE, Chief Medical Officer
(CMO) at PBSP; et al.,

        Defendants - Appellees.

No. 12-15830

D.C. No. 5:10-cv-05502-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Daniel Treglia appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

----

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Treglia failed to establish a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of his chronic foot and back pain. *See id.* at 1057-58 (neither negligence nor mere difference of opinion concerning the course of treatment amounts to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that defendants chose a medically unacceptable course of treatment in conscious disregard of an excessive risk to the prisoner's health).

The district court did not abuse its discretion by denying Treglia's motion to compel additional discovery. *See* Fed. R. Civ. P. 26(b)(1) (discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence"); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review and explaining that the district court's "broad discretion . . . to permit or deny discovery . . . will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying without prejudice Treglia's motion to appoint an expert because Treglia failed to show that appointment of an expert was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointment of expert is reviewed for abuse of discretion).

**AFFIRMED.**