**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN MAYS, | No. 11-35649 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00552-EJL-CWD |
| v. | |
| JODY MUNDELL; DUSTIN HIBBARRD; LEWISTON CITY OF, IDAHO; JOHN DOES 1-V; DALE BUTTREY; STEVE LUTES; JACK MCGEE; RICK SMITH; GABE RICHARDSON; JACLYN MARTIN; JAMIE ROMER; JODY BROWN; JACOB GUNTER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted February 7, 2013
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellant Kevin Mays appeals the district court's grant of summary judgment to the defendant deputies in Mays's § 1983 deliberate indifference claim against deputies of the Nez Perce County Jail.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (quoting *Leever v. Carson City*, 360 F.3d 1014, 1017 (9th Cir. 2004)). Although the Eighth Amendment protects convicted prisoners from cruel and unusual punishment, the Fourteenth Amendment Due Process Clause protects pretrial detainees, such as Mays, from mistreatment. *Bell v. Wolfish,* 441 U.S. 520, 535-37 & n.16 (1979). However, we apply the same Eighth Amendment "deliberate indifference" standard to our Fourteenth Amendment analysis of the

---

[1] In the same complaint, Mays brought a distinct excessive force claim against several police officers. That claim went to trial and is not at issue in this appeal. With respect to his deliberate indifference claim, Mays also named Nez Perce County, Sheriff Dale Buttrey, and Lieutenant Jack McGee as defendants under theories of municipal and supervisory liability. Mays does not appeal the district court's grant of summary judgment with respect to those defendants. The remaining defendants, Rick Smith, Gabe Richardson, Jaclyn Martin, Jamie Romer, Jody Brown, and Jacob Gunter, are referred to collectively as the "deputies."

treatment of pretrial detainees. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010).

It is well-established that prisoners have a right to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But not every claim of inadequate medical care states a claim for relief under the Eighth Amendment, or, in the case of pretrial detainees, the Fourteenth Amendment. *Id.* at 105. In order to establish a constitutional violation, a prisoner must establish that an official acted with "deliberate indifference to [a] serious medical need[]." *Id.* at 104. Deliberate indifference is a state of mind "more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official is only deliberately indifferent if he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, . . . draw[s] the inference," and fails to adequately respond to that need. *Id.* at 837, 844.

Mays has raised a triable issue of fact as to whether he had a serious medical need. He has failed, however, to raise a triable issue of fact as to whether the deputies responded to that medical need with deliberate indifference. To rise to the level of a constitutional violation, an official's response to a serious medical need must be more than negligent. *Estelle*, 429 U.S. at 106. A prisoner must show that the officials chose a course of conduct "in conscious disregard of an excessive risk

to [the prisoner's] health." *Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)) (alteration in original) (internal quotation marks omitted). Nothing in the record supports a finding that the deputies responded to Mays's condition with deliberate indifference. After Mays exhibited symptoms of alcohol withdrawal, he was taken to the hospital where he was observed and treated by a physician. The doctor authorized his return to the county jail. Upon his return to jail, the deputies closely monitored Mays and, when necessary, restrained him to prevent him from injuring himself. No reasonable trier of fact could conclude that these actions by the deputies constituted deliberate indifference.

**AFFIRMED.**