**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE RENE FLOYD, | No. 12-15967 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02346-WBS-CKD |
| v. | |
| J. DANG, Doctor, CSP Corcoran; JOHN R. CANTWELL, Doctor, CSP Corcoran; SOGGE, Doctor, CSP Sacramento; HASADSRI, Doctor, CSP Corcoran, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted May 15, 2014
San Francisco, California

Before: RIPPLE,** SILVERMAN, and GOULD, Circuit Judges.

Andre Floyd appeals from the district court's grant of summary judgment to

Defendants in his suit under 42 U.S.C. § 1983 alleging deliberate indifference to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

his medical needs in violation of the Eighth Amendment.  We review a district court's grant of summary judgment de novo.  *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).  We have jurisdiction under 28 U.S.C. § 1291, and we afffirm.

Floyd first contends that the decision of doctors Dang, Cantwell, and Hasadsri not to test Floyd for Hepatitis C between 2001 and 2004 was deliberate indifference in view of four identified risk factors: Floyd's race, the prevalence of Hepatitis C in the California State Prisons at that time, Floyd's history as an intravenous drug user, and a blood test, done for unrelated reasons, that showed elevated levels of liver enzymes in Floyd's blood.  Each of these factors is correlated to a degree with Hepatitis C.  Floyd argues that the doctors' failure to act in response to a known medical risk constituted deliberate indifference to his serious medical needs.  *See Helling v. McKinney*, 509 U.S. 25 (1993) (holding that second-hand smoke created a risk of medical harm that could support an 8th Amendment claim); *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010) *cert. granted, judgment vacated sub nom. City of Reno v. Conn*, 131 S. Ct. 1812, 179 L. Ed. 2d 769 (U.S. 2011) *and opinion reinstated*, 658 F.3d 897 (9th Cir. 2011) (holding that prison official's failure to respond to warning signs of suicide could constitute deliberate indifference).  We reject this claim.  Although Floyd has

shown that some risk existed, he has not presented evidence that the choice not to administer the Hepatitis C test was "medically unacceptable under the circumstances," *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), or outside general standards of medical care. Some evidence that shows what level of risk that a prisoner is infected with Hepatitis C would be medically unacceptable to ignore is required for us to determine that a reasonable jury could find that a doctor's treatment was outside of the standard of care. *Helling*, 509 U.S. at 36 ("[T]he prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."). Without such evidence, we must affirm the district court's grant of summary judgment to doctors Dang, Cantwell, and Hasadsri.

Floyd next contends that Dr. Sogge's choice at the start of treatment to administer less than the recommended dose of ribavirin and Dr. Sogge's later decision to discontinue treatment after three months constituted deliberate indifference. But Dr. Sogge testified credibly that the dosage guidelines on which Floyd rests his claim require the application of medical judgment, and that in Dr. Sogge's considered opinion, the risks of potential side effects or interactions with other drugs that were then being given to Floyd was too great to justify the full dose of ribavirin. Dr. Sogge also testified that the guidelines state that ribavirin

3

treatment should be terminated unless a certain level of response is seen. Floyd experienced some positive results, but in Dr. Sogge's view they were not enough to justify continued treatment. Based on this testimony, Floyd cannot make out a claim for deliberate indifference against Dr. Sogge. *Jackson*, 90 F.3d at 332 ("[A] plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference.") (internal quotation marks removed).

**AFFIRMED**