**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY G. HERBERT, | No. 14-35562 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00044-TSZ |
| v. | |
| WALTER LOVELL, Individually and in His Official Capacity; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Anthony G. Herbert, a former King County pretrial detainee, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious mental health needs.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we may affirm on any ground supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to defendants Lovell and Jackson because Herbert failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to Herbert's serious mental health needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a mere difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (deliberate indifference standard applies to pretrial detainees); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health").

Summary judgment was proper for defendant Dumas because Herbert failed to raise a genuine dispute of material fact as to Dumas's supervisory liability. *See*

*Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

**AFFIRMED.**