**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN DARNELL EDWARDS, | No. 13-15875 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03461-WBS-KJN |
| v. | |
| HIGH DESERT STATE PRISON; M. D. MCDONALD, Warden; R. L. GOES; T. ROBERTSON; M. KEATING; K. HARPES; RASKI; T. BARRON; WEDEMEYER; CLEME; D. MOORE; T. PEREZ; FRED FOULK, Warden; M. MITCHELL; J. CHENEY; J. TURNER-GAMBERY; D. SWINGLE, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted August 25, 2015**
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Prisoner Brian Edwards appeals the district court's grant of summary judgment in favor of the state with respect to his 42 U.S.C. § 1983 claims under the Eighth and Fourth Amendments. "We review de novo the district court's grant of summary judgment." *Oswalt v. Resolute Indus. Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). We affirm.

Edwards alleges that on December 23, 2008, he informed prison personnel that he was experiencing an asthma attack, yet he waited 2.5 hours to receive treatment. Under the Eighth Amendment, Edwards "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Delay in medical treatment "must have caused substantial harm" to violate the Eighth Amendment. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Edwards experienced a delay of only 2.5 hours; he was able to walk on his own volition to receive treatment; and he suffered no health effects from the incident. No reasonable jury could conclude that Edwards experienced substantial harm. *See id.* at 1333, 1335 (rejecting prisoner's Eighth Amendment claim where he had

to wait "several days" to see a physician after complaining of broken pins in his shoulder).

Edwards next brings claims against three different prison officials for a May 19, 2009, incident in which he was given a used inhaler. This claim also fails to meet the legal threshold for an Eighth Amendment violation. The undisputed evidence shows that his inhaler was mislabeled by the pharmacy staff; however, a claim that "a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Upon complaining to prison personnel about the used inhaler, Edwards was released to walk to the medical treatment facility, where he received treatment, and was given a new inhaler the same day. Edwards produced no evidence that any of the defendants acted with "conscious disregard of an excessive risk to [Edwards's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Edwards claims that a prison guard decreased the hot water in his cell on an unspecified day in June 2009, which prevented him from making soup or coffee, and refused to allow him and his cellmate to shower on August 23, 2009. Neither isolated incident is sufficient to show that Edwards was denied "the minimal

3

civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Edwards claims that a female prison guard violated the Fourth Amendment when the guard, who was stationed in a control tower, observed him being strip searched by a male guard. We first held, in 2011, that a non-emergency, cross-gender strip search violated the Fourth Amendment. *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1147 (9th Cir. 2011) (en banc). The male detainee in that case was subjected to a physically invasive cross-gender search of his genital area. *Id.* at 1142. Edwards's search involved far different circumstances and occurred in 2009, when the constitutionality of occasional cross-gender observation of searches was not clearly established. The female guard is therefore entitled to qualified immunity from liability. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). We need not and do not consider the underlying Fourth Amendment question.

Any other claims and arguments included within Edwards's lawsuit are without merit.

**AFFIRMED.**