**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS JOHN ZOLNIERZ, | No. 13-16916 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00146-GMS |
| v. | |
| SUDHA D. ROA, named as Dr. S. Roa, Dr. #CH 147, Health Care Provider of the 4th Avenue Jail Correctional Health Services; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted January 20, 2016[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Former pretrial detainee Douglas John Zolnierz appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and dismissal under Fed. R. Civ. P. 12(b)(6). *Doe v. Abbott Labs*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Zolnierz's deliberate indifference claims against defendant Dr. Rao because Zolnierz failed to raise a genuine dispute of material fact as to whether the courses of treatment that he received for his health issues were medically unacceptable under the circumstances. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (neither a difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a plaintiff "must show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances"); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) (the deliberate indifference standard applies to pretrial detainees because pretrial detainees' Fourteenth Amendment rights are comparable to prisoners' Eighth Amendment rights).

The district court properly dismissed Zolnierz's deliberate indifference claim against defendant Arpaio because Zolnierz failed to allege facts sufficient to establish a causal connection between Arpaio and the alleged constitutional

13-16916

violations. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (holding that individual must have acted, participated in an act, or omitted to perform a legally required act resulting in the deprivation of rights in order to be liable under § 1983).

The district court did not abuse its discretion in denying Zolnierz's motions for leave to amend his complaint because Zolnierz failed to include a copy of his proposed amended complaint in compliance with the district court's local rules. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review and requirements for leave to amend); *see also* D. Ariz. Loc. R. 15-1(a).

We reject as unsupported by the record Zolnierz's arguments that the district court was biased against him and that it did not have subject matter jurisdiction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-16916