**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAWN FRANCIS,

          Plaintiff-Appellant,

v.

STEVEN HAMMOND, M.D., Chief
Medical Officer, Washington Department
of Corrections, in his individual and
official capacities; et al.,

          Defendants-Appellees.

No.    15-35374

D.C. No. 3:12-cv-06023-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 8, 2016
Seattle, Washington

Before: McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Shawn Francis appeals the district court's order granting summary judgment

to the defendants on his Eighth Amendment, state tort negligence, Americans

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

with Disabilities Act (ADA), and Rehabilitation Act claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, and viewing the evidence in the light most favorable to the non-moving party, *see Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016), we affirm.

1. The district court correctly granted summary judgment on Francis's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Warner, Hammond, Kenney, and Smith. A prison official is deliberately indifferent "only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). "Even if a prison official should have been aware of the risk, if he was not, then he has not violated the Eighth Amendment, no matter how severe the risk." *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (internal quotation marks and alterations omitted). Francis offered no evidence that Secretary Warner participated in his medical decisions or knew about his shoulder injury before receiving a letter from plaintiff's counsel in September 2012. Moreover, Warner is not a doctor, and even if Warner had reviewed Francis's medical records, Francis did not show that Warner would have been able to determine whether Francis had a serious medical need or what the best course of treatment was. *See id.*

Francis argues that Doctors Hammond, Kenney, and Smith were deliberately indifferent to his shoulder injury because they rejected his medical providers' recommendations for an orthopedic consultation and an MRI after conservative treatment failed. A difference of medical opinion is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). As such, Francis did not meet his burden of showing that the course of treatment the doctors chose "was medically unacceptable under the circumstances," or that it was chosen "in conscious disregard of an excessive risk to plaintiff's health." *Id.* (internal citations omitted).

2. The district court also correctly dismissed Francis's Eighth Amendment and negligence claims against defendants Wells and Hayes. Neither Wells nor Hayes ordered Francis to lift the box and its contents all at once, and Francis had time to consider other options before he attempted to lift the box. It was not foreseeable that Francis would lift the entire box, and Wells and Hayes did not intentionally interfere with Francis's lifting restriction. *Cf. Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (plaintiff "can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment").

3. Finally, Francis contends that the Washington Department of Corrections violated the ADA and section 504 of the Rehabilitation Act by denying a

3

reasonable accommodation for storing his legal materials in his cell in a confidential manner. Francis bears the burden of demonstrating "'the existence of a reasonable accommodation' that would enable him to participate in the program, service, or activity at issue." *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (quoting *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1046 (9th Cir. 1999)). We must also consider whether the challenged policy is "reasonably related" to the prison's legitimate penological interests. *Id.*

Francis did not show that allowing him to store his legal box on the floor would have been consistent with legitimate penological interests. Nor was he denied access to his legal materials. At best, he was denied access to the activity of storing his legal materials in confidential folders. But Francis never requested folders. Thus, he did not show that he was denied a reasonable accommodation.

Each party shall bear its own costs on appeal.

**AFFIRMED.**