**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MARY PAULINE EDWARDS; et al.,

            Plaintiffs-Appellants,

   v.

K. HSIEH, individually; et al.,

            Defendants-Appellees.

---

No. 16-16599

D.C. No. 2:15-cv-00590-JAM-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 5, 2018[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

   Plaintiffs, the heirs of former California inmate and decedent James

Edwards, appeal pro se from the district court's judgment dismissing their 42

U.S.C. § 1983 action predicated on a violation of the Eighth Amendment's

proscription against cruel and unusual punishment. They allege that the

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3. The memorandum disposition filed
on December 4, 2018 is vacated.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants were deliberately indifferent to James Edwards's medical needs resulting in his death. We have jurisdiction of this timely appeal under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Plaintiffs' action was proper because Plaintiffs failed to allege facts sufficient to show that Defendants were deliberately indifferent to James Edwards's aortic stenosis and other medical issues. *See Toguchi v. Chung*, 391 F.3d 1051, 1057–60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health).

We have carefully examined the Plaintiffs' operative complaint and the documents attached to the complaint, including James Edwards's extensive medical records, medical literature, and a declaration from Dr. Dali Fan, a clinical professor with the University of California, Davis, in the Division of Cardiology. We are unable to identify any allegations in the complaint or anything in the records attached to the complaint—including Dr. Fan's declaration—that would allow a court "to draw the reasonable inference that the [Defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Missing from the complaint are

2

any allegations not flatly contradicted by the records attached to the complaint that the Defendants were deliberately indifferent to James Edwards's medical needs or that they treated him with "conscious disregard" of an excessive risk to his health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Even if we were to conclude that the complaint and documents attached were enough to sufficiently allege that Defendants were negligent in their treatment of James Edwards—which we do not—"[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi*, 391 F.3d at 1057 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (alteration and citation omitted)).

Because Dr. Fan's declaration did not support the Plaintiffs' claim of deliberate indifference in the face of all the other records attached to the complaint, even if the district court's decision to strike the declaration from the first amended complaint was error, that error was harmless.

Plaintiffs' motion for judicial notice (Docket Entry No. 10) is granted.

Defendants County of San Joaquin, Priyasheelta Nand, and Ramesh Dharawat's motion to take judicial notice (Docket Entry No. 37) is granted.

**AFFIRMED.**

3