NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN ARMANDO CHAPARRO, Plaintiff-Appellant, v. NNENNA IKEGBU, et al., Defendants-Appellees. | No. 19-15012 D.C. No. 5:17-cv-03831-LHK MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 11, 2019**

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

California state prisoner Adrian Armando Chaparro appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Chaparro failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Chaparro's Hepatitis C disease. *See id.* at 1060-61 (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (for a difference of opinion to amount to deliberate indifference, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health" (internal citations omitted)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (reliance on the decisions of qualified providers does not constitute deliberate indifference).

The district court did not abuse its discretion by denying Chaparro's motion for appointment of counsel because Chaparro failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

19-15012

Chaparro's motion for counsel, set forth in Docket Entry No. 7, is denied.

**AFFIRMED.**