NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH L. MIZZONI, | No. 19-16506 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01482-JAD-NJK |
| v. | |
| ROMEO ARANAS, NDOC Medical Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| STATE OF NEVADA, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted January 20, 2021[**]

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Former Nevada state prisoner Joseph L. Mizzoni appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *May v. Baldwin*, 109 F.3d 557, 560-61 (9th Cir. 1997) (district court's decision on qualified immunity). We affirm.

The district court properly granted summary judgment because Mizzoni failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Mizzoni's Hepatitis C. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (for a difference of opinion to amount to deliberate indifference, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health" (internal citations omitted)).

**AFFIRMED.**