NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL WINDHAM, Jr., | No. 22-15387 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02656-WBS-DMC |
| v. | |
| C. WOFFORD, Associate Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted January 25, 2023**
San Francisco, California

Before: WALLACE, SILVERMAN, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Samuel Windham, Jr., appeals pro se from the district court's summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

Windham, an inmate at California Medical Facility in Vacaville, California, brought a civil rights action pursuant to 42 U.S.C. § 1983, claiming that California Department of Corrections and Rehabilitation employee defendants—associate prison wardens Medina and Wofford, doctors Pai and Osman, and nurses Champion and Inniss-Burton—were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Windham, who requires medical care to treat burns on over 75% of his body, alleges that Medina was deliberately indifferent in how he handled a leak in Windham's cell; that Wofford was deliberately indifferent when he denied Windham hydrotherapy and a follow-up visit with a plastic surgeon; that Pai and Osman were deliberately indifferent because they delayed and denied follow-up treatment; and that Champion and Inniss-Burton were deliberately indifferent because they used a type of bandage that Windham claims damaged his wound and because they falsified his medical progress notes.

While we construe a pro se litigant's filings liberally, Windham does not provide specific and distinct arguments in his briefing to demonstrate that there are genuine issues of material fact for trial. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193,

2

199 (9th Cir. 1995); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Windham failed to demonstrate a genuine dispute that defendants were deliberately indifferent to his serious medical needs.

To prevail on a deliberate indifference claim, a plaintiff must establish: (1) the existence of a serious medical need; and (2) that the defendants' response to the need was deliberately indifferent by showing (a) a purposeful act or failure to respond to a plaintiff's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006. A mere "'difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). Rather, Windham must prove that the treatment he received "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to his health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

While Windham has demonstrated that failure to treat his condition could result in further significant injury or pain, he fails to allege genuine facts demonstrating that defendants were consciously treating him in a medically unacceptable way. Although he alleges that their treatment was "damaging" and that they took "illegal" actions, Windham must do more than merely raise

conclusory allegations or speculations—he must designate specific facts showing that there is a genuine issue for trial. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). He has not done so.

Specifically, Windham does not present material facts to refute the alleged fact that Medina responded reasonably quickly to resolve a leak in his cell once Windham filed a reasonable accommodation request, and does not provide facts beyond his own pleadings that the way Medina responded created his infection. Windham also does not demonstrate why Wofford's denial of hydrotherapy is deliberately indifferent, as it was never prescribed as necessary to avoid further significant injury or pain; nor does he explain why the numerous opportunities Wofford allowed him to see a surgeon for follow-up were "medically unacceptable."

Windham does not present material facts to demonstrate how doctors Pai and Osman delayed and provided damaging treatment. Rather, the undisputed facts indicates the contrary: they appeared to have prescribed reasonable care and followed the recommendations of plastic surgeon specialists—including those from Dr. Hansen, Windham's preferred doctor. While Windham may have preferred seeing a different doctor at a different facility, a person does not have a constitutional right to their preferred course of treatment. *Jackson*, 90 F.3d at 332. The district court was correct to hold that, at most, the claims against Osman and Pai amount to

Windham's disagreement concerning his treatment, which does not constitute deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Windham does not present material facts to support his contention that nurses Champion and Inniss-Burton were deliberately indifferent because they used a type of bandage that he claims damaged his wound. The record shows that the nurses appeared to comply with the recommended treatment procedures. Windham also offers no specific support for how they have falsified his medical progress notes. Thus, this claim, without more, cannot defeat summary judgment, as such conclusory statements without factual support are insufficient. *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008).

The district court did not err in granting summary judgment for defendants because Windham did not provide genuine issues of material fact to support his allegations.

**AFFIRMED.**